UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNA RENE FRENCH, KYLE BURRITT FRENCH, and KENNETH SHANE FRENCH,<br><br>Defendants. | Nos. CR-13-6051-RHW-2<br>CR-13-6051-RHW-3<br>CR-13-6051-RHW-4<br><br>**ORDER ADDRESSING PRETRIAL MOTIONS** |

Before the Court are the following pretrial motions: (1) the Government's Motion in Limine for Admission of Co-Conspirator Statements and its Supplemental Motion adding additional statements for the Courts consideration, ECF Nos. 147 and 184; (2) Defendant Shanna French's Motions in Limine 1-10, ECF No. 217; (3) The Government's Motion for Discovery as to Shane French, ECF No. 287; (4) Defendant Kyle French's Motion to Dismiss the Second Superseding Indictment, ECF No. 289; and (5) The Government's Motion to Exclude Advice of Counsel Defense and Witnesses, ECF No. 290.

Pursuant to Local Rule 7.1(h)(3)(B)(iii), the Court determines oral argument on these motions is unnecessary and decides the motions based on the briefing, files, and records contained herein.

//

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 1**

**A.    The Government's Motion in Limine for Admission of Co-Conspirator Statements**

## BACKGROUND

Pursuant to the Court's Order of February 2, 2014, the Government provided a list of all co-conspirator statements it intends to admit in the form of a motion in limine. *See* ECF No. 147. On May 1, 2014, the Government supplemented its motion and added additional co-conspirator statements obtained after the seizure of computers from deceased co-defendant Ken French's home. *See* ECF No. 184. Only Defendant Kyle French offered a response to the Government's Motion. ECF Nos. 143 and 177.

## DISCUSSION

### 1.    Legal Standard

To establish the admissibility of out-of-court statements under Fed. R. Evid. 801(d)(2)(E), an offering party is required to prove that (1) there was a conspiracy involving the declarant and the non-offering party; (2) the statements were made during the pendency of the conspiracy; and (3) the statements were made in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Proof beyond a reasonable doubt is not required. *Id*. Rather, the offering party need only demonstrate the existence of the relevant conspiracy by a preponderance of the evidence for the sake of these preliminary fact issues. *Id*. at 176. A district court need not explicitly find on the record that the offering party met its burden. *United States v. Lutz*, 621 F.2d 940, 947 (9th Cir. 1980).

### 2.    Preliminary Findings of the Court

Pursuant to Fed. R. Evid. 104(a), the Court preliminarily finds that all co-conspirator statements are admissible against all Defendants. Defendants Shanna French and Shane French did not respond to the motion. Defendant Kyle French

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 2**

did respond, however, the Court finds that for the purposes of the preliminary fact issue, a preponderance of the evidence indicates the statements are admissible against him. The Court finds that there is sufficient proffered evidence of the existence of a conspiracy and that the statements were in furtherance of a conspiracy. There is also sufficient evidence the Defendants were part of the conspiracy. This preliminary finding is subject to the Government proving at trial that a conspiracy existed and that each defendant participated in it.

**B.    Defendant Shanna French's Motions *In* Limine 1-10**

**BACKGROUND**

On July 18, 2014, Defendant filed 10 Motions in Limine. The Government has responded and opposes MIL's 1-7; however, it does not oppose MIL's 8-10 and does not intend to offer evidence of Ms. Shoemaker's death or Mrs. French's DUI conviction or Assault charge. ECF No. 218.

**Def.'s MIL 1: Ken French's Reference to the "mail lady"**

Defendant first challenges a statement by deceased co-defendant Ken French that occurred on August 29, 2012, during an undercover buy to detectives posing as concert goers and seeking to buy poppies for tea directly from Mr. French. ECF No. 217 at 1-9. The statement Defendant seeks to exclude is "[t]he *mail lady* knows exactly what she's picking up. She knows she's picking up dried poppies." *See* Transcript, ECF No. 206-1, Ex. 5 at 16; *see also* Audio Recording 8/29/12, ECF No. 178 at 17:23-17:28.

Defendant argues that such testimony is not admissible under four theories: (1) Rule 401 and 402 because it is irrelevant (*i.e.*, knowledge of the mail carrier is not a fact of consequence that is made more or less likely supported by such testimony); (2) Rule 403 because it is prejudicial and will confuse the jury (as the recording is unintelligible and the jurors would infer Mr. French could be referencing his wife); (3) Rule 602 as it is speculative non-expert testimony that is

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 3**

not based on personal knowledge of the declarant (*e.g.*, Mr. French is expressing an opinion of another's knowledge without sufficient foundation); and (4) Rule 701(b), which limits lay testimony where it is helpful to clearly understanding a witness's testimony or determining a fact at issue (*i.e.*, the statement is not helpful because it is unintelligible and does not address a fact at issue. Defendant also asserts that under Rule 701 the safeguards normally built into the rule to minimize the danger of lay opinions are not present here where there will be no direct or cross examination of Mr. French.

The Government responds that while the statement is somewhat muffled, after listening to the recording, the official transcript remains correct that Mr. French references "the mail lady" and not his wife co-defendant Shanna French. *See* ECF No. 206-1, Ex. 5 at 16. At trial, the Government is willing to stipulate to use the words "mail lady," should any transcript and audio be admitted or utilized by the jury. ECF No. 218 at 2.  The agreement to refer to the 'mail lady' rather than have the jury speculate resolves the issue.

Accordingly, this Motion in limine is denied and during trial should this become an issue, the parties will use the words "the mail lady," which, as noted above, the Court finds is preliminary admissible under Fed. R. Evid. 801(d)(2)(E).

### Def.'s MIL 2: Ken French's Use of the word "we"

Defendant next asks the Court to strike all references to the pronoun "we" in Ken French's recorded statement of August 29, 2012. ECF No. 217 at 10. This comes from the same statement made by Ken French and referenced in the first motion in limine. Specifically, Defendant points to an exchange between Ken French and the detectives at approximately minutes 15:46 – 15:43 of the audio recording where Ken French describes how to make poppy tea. *See also* ECF No. 206-1, Ex. 5 at 11, 13. Mrs. French argues that such references should be excluded under Rules 401, 402, and 403. Defendant asserts that because Mr. French does not

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 4**

identify who the "we" references, "[a]ny conclusion drawn from these 'we' statements would necessarily be based on improper speculation." ECF No. 217 at 10. Defendant also argues that unfair prejudice of the "we" references outweigh their probative value. Defendant does make a broader point that almost all the evidence in this case points to Ken French – and the risk of the "we" association of the wife-must-have-known-what-the-husband-was-doing speculation would be great if such evidence was admitted. *Id.* at 11.

The Government counters and reiterates the argument presented above, which is that this motion is premature and falls under the co-conspirator exception to the hearsay rule.  Also, the Government argues that the use of the word "we" is highly probative because "other members of the conspiracy knew how to make a pot of poppy tea . . ." including the narcotic effect of such tea. The Government then points out that Defendants have routinely denied that they did not know the narcotic purposes of the dried poppies, or they had nothing to do with the business. Thus, the Government alleges that such evidence is highly probative and admissible (as a co-conspirator statement) to prove conspiracy and the substantive drug charges in the case, and is not substantially outweighed by the dangers of Rule 403 (unfair prejudice, confusion of the issues, or misleading the jury). Finally, the Government points out that such co-conspirator statements are not subject to *Bruton. See, e.g., United States v. Larson*, 460 F.3d 1200, 1213 (9th Cir. 2006) on reh'g en banc, 495 F.3d 1094 (9th Cir. 2007); *United States v. Kendricks*, 623 F.2d 1165, 1167-68 (6th Cir. 1980).

The Court has already found that the statement is admissible against co-conspirators. The significance of the pronoun "we" will depend on the other evidence at trial.  If the evidence of membership in the conspiracy is insufficient as to any particular Defendant, the Court can address the limitation of the evidence at

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 5**

the time. It would be improper to redact the statement at this time.  As such, this motion in limine is denied.

**Def.'s MIL 3, 4, and 5: Ms. French's use of medications, depressants, or narcotic analegesic, and marijuana found in her residence**

Defendant asks the Court to exclude all evidence relating to Ms. French's use/possession/being under the influence of prescription medication (MIL 3), Central Nervous System ("CNS") depressants or narcotic analgesics (MIL 4), and marijuana (MIL 5). ECF No. 217 at 13-15. She argues that such evidence is not admissible under Rules 401 and 402 (not relevant), 403 (any probative value is outweighed by unfair prejudice), and 404 (improper character or propensity evidence). Mrs. French also argues that such request is supported by the Government's prior MIL, ECF No. 105 at 6, which asked the Court to exclude any reference to her health.

Defendant then gives an example of one such instance regarding Officer Frank Black (of the Tri-City Metro Drug Task Force) who contacted Mrs. French during execution of the search warrant at the French residence on October 30, 2012. Apparently, in Officer Black's report he notes that Mrs. French seemed impaired by either a CNS depressant or narcotic analgesic (or a combination of the two). Defendant then argues that Officer Black's opinion would not pass muster under Rule 702 because he did not perform any reliable application of any scientific, technical, or other specialize methods of coming to the conclusion that Mrs. French was intoxicated due to depressants/narcotic analgesics.

The Government responds that such evidence is "inextricably intertwined" with the instant offense that "show[s] defendant's motive to participate in the conspiracy to manufacture the narcotic-effect producing opium poppies." ECF No. 218 at 8. The Government's theory is that by participating in the conspiracy, Defendant could obtain a limitless supply of uncontrolled narcotic substances. *Id.*

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 6**

at 8. The Government then cites *United States v. Cunningham*, 103 F.3d 553 (7th Cir. 1996), for the proposition that a defendant's drug addiction (and prior theft of the drug Demerol) was relevant to prove motive to steal Demerol in a later case.

Here, the Government is incorrect. The Court is influenced by *United States v. Vizcarra-Martinez*, 66 F.3d 1006 (9th Cir. 1995), in which the Ninth Circuit rejected the Government's contention that a user amount of methamphetamine was inextricably intertwined with the underlying crime, possession of hydriodic acid, which is a precursor used in the production of meth. The Circuit concluded:

> The mere fact that a defendant is in possession of a small amount of a prohibited narcotic substance at the time he commits a crime is not enough to support the introduction of the evidence of drug usage. There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b). Here, there was no such relationship. First, the defendant's personal use of methamphetamine was, unquestionably, not a part of the transaction with which he was charged—possession of hydriodic acid with knowledge that it would be used to manufacture methamphetamine. The prosecution presented absolutely no evidence that the methamphetamine in question was obtained from a member of the conspiracy or that Vizcarra–Martinez had been involved in its manufacture or distribution. Second, it is clear that the prosecution would encounter little difficulty in presenting the evidence relevant to its case against the defendant—his possession of hydriodic acid and the circumstances surrounding the commission of that crime—without offering into evidence the personal-use amount of methamphetamine the police discovered in the defendant's pocket upon arrest. The methamphetamine found in the defendant's pocket had nothing to do with the incidents leading to the search, nor did it have any bearing upon the commission of the crime. Thus, we reject the government's contention that the contested evidence was so inextricably intertwined with the crime as to fall outside the scope of Rule 404(b).

*Vizcarra-Martinez*, 66 F.3d at 1013.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 7**

Here, the Court finds that *Vizcarra-Martinez* controls this issue and refutes the Government's theory that Mrs. French's use or intoxication from narcotics and other drugs are not "inextricably intertwined" with the instant offense of poppy manufacture and distribution. Also, it is undisputed that Defendant suffered from anxiety, and relied accordingly upon such medications to treat her condition.

Reference to Defendant's use of or intoxication from medications (narcotic, depressants, analgesics) and marijuana seized from her residence on October 30, 2012 are excluded from trial.

### Def.'s MIL 6: Behavior and arrest of Ian French

Defendant next argues that Ian French's (uncharged son of Ken French and Shanna French) behavior at the time the search warrant was executed on October 30, 2012, at the French residence should be excluded. Mrs. French argues that such evidence is inadmissible under Rules 401, 402, and 403.

The Government counters that Ian French was argumentative with officers and arrested on an unrelated warrant during the execution of the search warrant. The Government believes that such evidence is again, "inextricably intertwined" and necessary to tell the story of the officers' entry into the French residence. The Government, however, does agree that the fact that Ian French had an unrelated arrest warrant need not be introduced unless the defense opens the door.

Here, the Court finds that there is no basis for finding this evidence inextricably intertwined nor why the Government needs to present testimony regarding the arrest and conduct of a non-charged French family member present during the execution of the search warrant. Accordingly, this motion in limine is granted.

### Def.'s MIL 7: Craft store sales of opium poppies

Mrs. French next moves the Court to limit the Government from introducing evidence that local craft stores (and similar retailers) do not sell *opium poppies*.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 8**

ECF No. 217 at 16 (emphasis added). Defendant argues that such evidence is inadmissible under Rules 801 and 802. Furthermore, Mrs. French argues that even if an employee of such a store was called, as a lay witness, they would be unable to distinguish between ornamental poppies and opium poppies (papaver somniferum) – unless some reliable scientific method was employed to distinguish the different varietals of poppies. Defendant argues this would amount to a violation of Rule 701(c), which prohibits lay opinion testimony not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Government responds that such evidence is relevant and admissible because it relates to Ken French's conversation with the undercover detectives that opium poppies, to his knowledge, were not sold at craft stores. *See* ECF No. 206-1, Ex. 5 at 23. The Government also classifies this statement as part of the co-conspirator statements, already referenced above. Finally, the Government adds that if such testimony were presented, it would call a competent store employee or representative of a craft store with sufficient knowledge of craft store poppies.

The fact that Ken French made such a statement does not make the truth of the statement or its refutation relevant to this trial.  A mini trial on the practice of the industry would be distracting and would not address the elements of the offense.

Pursuant to Fed. R. Evid. 401, the Court finds that this line of testimony is inadmissible due to its lack of relevance to the elements of the charged crimes. Accordingly, this motion in limine is granted.

### Def.'s MIL 8:  Shoemaker death

Defendant requests that the Court exclude all evidence relating to the death of Melanie Shoemaker, a poppy recipient with receipts from Poppydogfarms.com (Mr. French's company) and emails from Ken French to Ms. Shoemaker regarding

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 9**

her poppy orders. ECF No. 217 at 17-19. Defendant argues such evidence should be excluded under Rules 401, 402, 403, and 602.

The Government states that it does not intend to offer evidence of Ms. Shoemaker's death in its case-in-chief. ECF No. 218 at 11. However, the Government seeks to reserve the right to offer such evidence if Defendant opens the door.

Accordingly, this motion in limine is granted and the Government may not offer evidence of the death of Ms. Shoemaker in its case-in-chief.

### Def.'s MIL 9 and 10: Mrs. French's DUI and Assault charge

Defendant moves in limine to preclude her DUI conviction on 12/31/01 (MIL 9) and arrest for assault on 6/20/99 (MIL 10). ECF No. 217 at 20-21.

The Government responds that it does not intend to offer either the DUI conviction or the assault arrest unless Defendant makes them relevant. ECF No. 218 at 11.

Accordingly, this motion in limine is granted and the Government may not present evidence of Mrs. French's DUI conviction on 12/31/01 nor her arrest for assault on 6/20/99.

### C.    The Government's Motion for Discovery as to Defendant Shane French

The Government moves the Court for an order mandating the disclosure of (1) the e-mails between law enforcement personnel Defendant Shane French intends to rely on at trial; (2) the Excel document noting his loan of money to his father Ken French; (3) a Rule 16 summary of testimony and reports for his forensic examiner; and (4) undisclosed "evidence" Defendant is intending to rely on relating to Ken French approaching Defendant's grandmother for a loan. ECF No. 287. Defendant did not respond to the Motion.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 10**

As the Government correctly points out, this Court granted the Government's previous motion for reciprocal discovery on May 29, 2014. In the Order, the Court required production of "(1) documents and objects that are within the Defendants' control and which they intend to use in their respective case-in-chief; (2) reports or examinations of tests that are within Defendants' control and which they intend to use in their respective case-in-chief; and (3) written expert summaries pursuant to Fed. R. Evid. 702, 703, 705." ECF No. 204 at 5. Essentially, we ordered them to comply with Fed. R. Crim. P. 16(b)(1)(A)-(C). The Government represents that at one point (on August 19, 2014) there was an agreement with defense counsel to produce some or all of these documents to the Government. ECF No. 287 at 2. However, the Government has not yet received any of the documents yet. Id.

Here, the Court has already ordered the defense to comply with Fed. R. Crim. P. 16(b)(1)(A)-(C). Based on Defendant's trial memorandum and this motion, it certainly appears as though these documents fall within the disclosures mandated by the Rule. This motion is granted and counsel for Defendant Shane French is directed to disclose the requested documents to the Government.

### D.    Defendant Kyle French's Motion to Dismiss

#### BACKGROUND

On September 22, 2014, Defendant Kyle French filed a Motion to Dismiss the Second Superseding Indictment. ECF No. 289. On October 10, 2014, the Government filed a response urging the Court to deny Defendant's Motion. ECF No. 308.

Defendant argues that the Second Superseding Indictment should be dismissed because (1) it is duplicitous; (2) the Government has violated Defendant's constitutional right to a speedy trial; (3) due process demands dismissal; and (4) the Speedy Trial Act has been violated. ECF No. 289. The Government responds by arguing that (1) the Second Superseding Indictment is not duplicitous and (2)

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 11**

there are no speedy trial violations (either constitutionally or statutorily). ECF No. 308.

//

## DISCUSSION

### 1. The Second Superseding Indictment Is Not Duplicitous

"An indictment is duplicitous where a single count joins to or more distinct and separate offenses…." *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005) (citations and quotations omitted). Reviewing an Indictment for duplicity is a "limited" inquiry where the court is tasked with "…assess[ing] whether the Indictment itself can be read to charge only one violation in each count." *United States v. Yarbrough*, 852 F.2d 1522, 1530 (9th Cir. 1988). "One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *United States v. Ramirez-Martinez*, 273 F.3d 903, 911 (9th Cir. 2001).

As the Government correctly points out, outside the Ninth Circuit, it is fairly well settled law that Section 841 offenses may be charged conjunctively. *See United States v. Spencer*, 592 F.3d 866, 875 (8th Cir. 2010) (holding that charging of multiple controlled substances in a single drug conspiracy count was not duplicitous); *United States v. Dale*, 178 F.3d 429, 431 (6th Cir. 1999) (holding the same); *United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985) (holding that Section 841 offenses may be charged in the conjunctive); *United States v. Herbert*, 502 F.2d 890, 893-94 (10th Cir. 1974) (same)). While the Ninth Circuit does not appear to have spoken on this issue precisely, they have found that an Indictment that charged the defendant with importation and possession of two different substances (marijuana and methamphetamine), each carrying different maximum sentences to be duplicitous. *United States v. Sanchez-Sanchez*, 70 Fed. Appx. 455, 456 (9th Cir. 2003).

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 12**

Here, the Court finds the inclusion of more than one controlled substance in the Second Superseding Indictment can be cured with a proper jury instruction. There is no concern over different maximum penalties in this case because all three substances (opium poppies, codeine, and morphine) carry the same maximum penalties. Additionally, this case is somewhat unique in the sense that all three substances are found in the same plant material.  The Government has submitted a proposed Jury Instruction to require the jury to find unanimously the specific drugs involved.  The Court will consider the matter in formulating jury instructions.

Accordingly, the Court finds that the Second Superseding Indictment is not duplicitous and that the jury instructions and jury verdict form will alleviate any potential unanimity concerns.

### 2. Kyle French's Constitutional Right to a Speedy Trial Was Not Violated

Defendant claims that his Sixth Amendment right to a Speedy Trial has been violated. ECF No. 289 at 7-8. The Government asserts that they have not. ECF No. 308 at 19.

To determine whether a defendant's constitutional right to a speedy trial has been violated, a court must first determine whether the delay was "presumptively prejudicial." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). If this threshold is met, the Court would then conduct a four-part balancing test to determine whether a defendant's speedy trial rights have been violated. The court would look to the (1) length of delay; (2) reason for delay; (3) timeliness of defendant's assertion of right to speedy trial; and (4) prejudice. "None of the factors are either necessary or sufficient, individually, to support a finding that a defendant's speedy trial right has been violated." *Barker*, 407 U.S. at 533. Rather the factors are related and "must be considered together with such other circumstances as may be relevant." *Id.* "The approach we accept is a balancing

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 13**

test, in which the conduct of both the prosecution and the defense are weighed." *Id.* at 530.

### a. Presumptively Prejudicial Length of Delay

When "the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial' delay" the court is required to analyze the *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (quoting *Barker*, 407 U.S. at 530-31, 92 S.Ct at 2192). The Ninth Circuit has found that a six month delay constitutes a "borderline case" of presumptively prejudicial delay. *See United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986). Yet, that case involved a single count of firearm possession and the Ninth Circuit has also noted that "'the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.'" *United States v. Tanh Huu Lam*, 251 F.3d 852, 856 (9th Cir. 2001) (quoting *Barker*, at 407 U.S. at 530-31, 92 S.Ct. 2182). "Depending on the nature of the charges, the lower courts have generally found postaccusation delay presumptively prejudicial at least as it approaches one year." *Doggett*, 505 U.S. at 652 n. 1.

Here, we have post-accusation delay at least approaching one year and more motions to continue pending. As such, the Court needs to examine the *Barker* factors.

### b. Length of Delay

Defendant contends that the length of accusation time from the Indictment to the Second Superseding Indictment was 13 months, from July 2013 to August 2014. ECF No. 289 at 8. Further, Defendant cites, *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) for the proposition that delays approaching one year generally satisfy the requirement of presumptive prejudice. The Government points out that the last events charged in the Indictment occurred on or about July 10,

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 14**

2013. ECF No. 308 at 20. Further, they note that it was not until November of 2013 that Defendant was able to be tracked down in the Western District of Washington and arrested. *Id*. Defendant was then arraigned on November 27, 2013. *Id.*

Here, the delay, while enough to trigger a *Barker* inquiry, does not seem to be too substantial. This is a relatively complex case involving two companion cases, three co-defendants, conspiracy charges, and the death of the alleged ring leader of the enterprise during pretrial proceedings. Given all that is involved and all that has gone on, the length of delay factor does not weigh in favor of Defendant.

### c. Reason for Delay

Defendant alleges that the reason for delay was that the Government was not prepared to proceed on the merits of the case. ECF No. 289 at 9. The Government contends that the reason for delay was the various pretrial motions filed by Defendant and the various continuances requested by his co-defendants. ECF No. 308 at 20-21. Further, the Government argues that the Second Superseding Indictment only amounted to a technical change in the wording of the charges. *Id.*

The reason for the delay is mostly that his co-defendants have sought and obtained numerous continuances. As discussed more thoroughly in the next section, however, Defendant has also moved for extensions and consented to at least one continuance.

### d. Assertion of Speedy Trial Right

Defendant contends that he has objected to every continuance sought by his co-defendants and repeatedly asserted his right to a speedy trial. ECF No. 289 at 10. Additionally, Defendant states that he resisted filing any motion that might contribute to excludable time from the statutory speedy trial act. *Id.* The Government believes this is not entirely accurate, but does not point out any specific examples. ECF No. 308 at 21.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 15**

Defendant has mostly asserted his right to a speedy trial, but he has not objected to every continuance. At the May 8, 2013, pretrial conference Ms. Hehir stated, "[y]our Honor, this morning Mr. Kyle French just indicated that he heard me when I indicated that I do need more time to give him the best trial he can get, and he would be willing to agree to a brief continuance." ECF No. 306 at 36. Additionally, Defendant moved the court on January 6, 2014, for an extension of the pretrial deadlines. *See* ECF No. 110. In that motion, Defendant stated, "[t]he undersigned [attorney Diane Hehir] also conferred with Mr. [Kyle] French, who has no objection [to the extension], and who is willing to sign a waiver of speedy trial rights if the requested (sic) ultimately required that the current trial date be reset." *Id.* at 2.

"Delay resulting from pretrial motions is automatically, i.e., excludable without district court findings, only from the time a motion is filed through the hearing or disposition point." *Bloate v. United States*, 130 S.Ct. 1345, 1353 (2010). Defendant filed motions for Extension, Discovery, Suppression, Severance, Furlough, and a Bail Hearing. *See* ECF Nos. 140, 141, 143, 145, 197, 250, and 251. For Defendant to contend he resisted filing any motions that might contribute to excludable time is not accurate.

While Defendant has asserted his speedy trial rights and objected too many of the continuances, he has also filed several pretrial motions, consented to one continuance, and at one point also represented that he would sign a speedy trial rights waiver. The Court finds that this factor does not weigh heavily in favor of either party.

### e.  Prejudice

Defendant argues that he has suffered prejudice in the form of excessive pretrial incarceration, protracted anxiety and concern, and impairment of trial defense.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 16**

ECF No. 289 at 11-13. The Government argues that Defendant has suffered no actual prejudice. ECF No. 308 at 21-22.

If the Government pursues a defendant with reasonable diligence from his Indictment until his arrest, the defendant's speedy trial claim fails unless he can show "specific prejudice to his defense." *United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007) (quoting *Doggett*, 505 U.S. at 656, 112 S.Ct. 2686). Here, nothing in the record suggests that the Government did not pursue Defendant with reasonable diligence. Defendant left the Eastern District of Washington and was located and arrested approximately four months after Indictment in the Western District of Washington. Accordingly, Defendant must show specific prejudice.

Most of Defendant's argument revolves around the death of both his father and his brother (Ian French) which obviously makes them unavailable to testify at trial. Defendant does not offer any specifics regarding how these two witnesses would have exonerated him. The prejudice alleged by Defendant seems far more speculative, than specific and actual. Accordingly, the Court finds that Defendant has not shown specific prejudice and that this factor weighs in favor of the Government.

After weighing all the factors, the Court concludes that Defendant's Sixth Amendment Right to a speedy trial has not been violated. The complexity of the case, repeated requests for continuances by the co-defendants, the fact that Defendant consented to one of the continuances and also moved for an extension, the two tragic deaths of family members, and the preference for trying all defendants in one trial necessitate a finding by the Court that Defendant's constitutional right to a speedy trial has not been violated.

### 3. Kyle French's Due Process Rights Have Not Been Violated

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 17**

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay." *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989). Generally, any delay between the commission of a crime and an Indictment is limited by the statute of limitations. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). In some circumstances, however, "the Due Process Clause requires dismissal of an indictment brought within the limitations period." *Id.* In order for a defendant to successfully claim that he was denied due process because of a pre-Indictment delay he must prove (1) "actual, non-speculative prejudice from the delay." *Huntley,* 976 F.2d at 1290. If prong one is met then the length of the delay is weighed against the reasons for the delay and the defendant must show that (2) the delay "offends those 'fundamental conceptions of justice which lie at the lase of our civil and political institutions.'" *Sherlock*, 962 F.2d 1353-54 (quoting *United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)). The second prong applies only if the defendant demonstrates actual prejudice. *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005).

"We have held that establishing prejudice is a 'heavy burden' that is rarely met." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *Huntley*, 976 F.2d at 1290).

"Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1994 (9th Cir. 1995). "Consequently…[a defendant] must show that lost testimony, witnesses, or evidence "meaningfully has impaired his ability to defend himself," and "[t]he proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to [his] case." *Corona-Verbera*, 509 F.3d at 1112 (quoting *Huntley*, 976 F.2d at 1290).

Here, Defendant's complaint surrounds the delay between the original Indictment in July of 2013 and the Second Superseding Indictment in August of 2014. ECF 289 at 13. Defendant asserts that the actual prejudice is the subsequent

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 18**

death of a percipient witness, the need to conduct additional defense investigation and potential expert witness disclosure. Notably, Defendant did not complain when the Government filed the Superseding Indictment in April 2014. Furthermore, Defendant's allegation regarding the loss of two witnesses being prejudicial is not backed up by non-speculative evidence detailing how the loss was prejudicial. Defendant alleges that Ken French made inculpatory statements, but Ken French also made statements regarding Kyle's involvement that would tend to incriminate him. Given that establishing actual prejudice is a heavy burden, the Court finds that Defendant has not met his burden.

### 4. There Has Not Been a Violation of the Speedy Trial Act

"Delay resulting from pretrial motions is automatically, i.e., excludable without district court findings, only from the time a motion is filed through the hearing or disposition point." *Bloate*, 130 S.Ct. at 1353. Additionally, "ends of justice" findings by the Court also exclude speedy trial time. To be sufficient, an "ends of justice" continuance must satisfy two requirements: "(1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with references to the facts as of the time the delay is ordered.'" *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (citations omitted).

Here, the numerous pretrial motions clearly indicate there has been no violation of the Speedy Trial Act as to Defendant Kyle French[1]. Furthermore the "ends of justice" finding also clearly establishes that there has been no violation of the Speedy Trial Act as to Defendant Kyle French[2]. As such, the Court finds that there has been no Speedy Trial Act violation as to Defendant Kyle French.

---

[1] *See* ECF Nos. 60, 105, 140, 141, 143,, 144, 145, 197, 212, 214, and 217 for a non-exhaustive list of pretrial motions that exclude nearly all the time from Speedy Trial Calculations.

[2] *See* ECF Nos. 73, 94, 106, 121, 204, and 257 for a list of "ends of justice" findings that constitute excludable time.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 19**

**E.    The Government's Motion to Exclude Advice of Counsel Defense and Witnesses**

On September 22, 2014, the Government filed a Motion to Preclude Advice of Counsel Defense and Witnesses. ECF No. 290. On October 10, 2014, Defendant Kyle French responded. ECF No. 307. The other two co-defendants did not file a response. The Government seeks a ruling on this issue because it believes that the witness list filed by Defendant Kyle French indicates they will raise the advice of counsel defense at trial. ECF No. 234. The Government previously filed a similar motion in limine regarding this issue and this Court denied it with leave to renew because it did not appear at the time that the Defendants were going to assert such a defense. See ECF No. 204 at 4. The Government believes any advice of counsel testimony is irrelevant and therefore inadmissible. ECF No. 290 at 3-4. Defendant believes the testimony expected to be given by the attorney is relevant and admissible as to the conspiracy charge and the aiding and abetting charge. ECF No. 307 at 2.

It is unlawful for an individual knowingly or intentionally to manufacture, distribute, or possess with intent to distribute a controlled substance. 21 U.S.C. § 841(a). To prove conspiracy under § 846, the Government must establish: (1) an agreement to engage in a criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime. United States v. Sullivan, 522 F.3d 967, 976 (9th Cir. 2008).

In *United States v. Scarmazzo*, 554 F.Supp. 2d 1102, 1107 (E.D. Cal. 2008), the district court was confronted with a similar motion in limine, as requested by the government. In that case, the Government sought to exclude reference to the defendants' erroneous belief that their conduct was lawful in a conspiracy to possess and distribute marijuana. Defendants in the case wanted to argue to the jury that they had a good faith belief and relied on the advice of counsel that is was lawful to sell medical marijuana. The *Scarmazzo* court concluded:

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 20**

Good faith reliance on the advice of a counsel is not relevant because such advice can only be shown to negate a specific intent to violate the law. Here, neither good faith nor mistake as to the enforceability of the law is a defense. An attorney's advice about what the law is, medical necessity, the benefits of marijuana, or any of the other prohibited subjects ruled on above would only be confusing, misleading, time consuming, and prejudicial. Fundamentally, advice of counsel is irrelevant.

Advice of counsel is not a defense per se to a criminal case, rather, it is circumstantial evidence of good faith intent to comply with the law. Good faith may be relevant in cases where specific intent to violate the law is an element of the charged offense, but is not applicable to a general intent crime. Ratzlaf v. United States, 510 U.S. 135, 138–39, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994). See United States v. Conforte, 624 F.2d 869, 876 (9th Cir.1980). Advice of counsel in tax evasion cases is not a complete defense, but only a circumstance to show good faith which the trier of fact may consider on the issue of willfulness. United States v. Sehnal, 930 F.2d 1420, 1427 (9th Cir.1991) (the term "willfully" refers to acting with the purpose of violating a long known legal duty, and not from accident or mistake); United States v. Traitz, 871 F.2d 368, 382 (3d Cir.1989) ("[T]he basis for the defense 'is that, in relying on counsel's advice, [a] defense lacked the requisite intent to violate the law"). The Ninth Circuit has recognized that an advice of counsel defense was inappropriate under a kick-back statute where the law did not require the government to prove that the Defendant knew he was violating the law. United States v. Soares, 998 F.2d 671, 673 (9th Cir.1993).

*United States v. Scarmazzo*, 554 F.Supp.2d 1102, 1107 (E.D. Cal. 2008) *aff'd sub nom. United States v. Montes*, 421 F. App'x 670 (9th Cir. 2011).

Furthermore, with regard to the applicability of the advice of counsel defense to the conspiracy charge, the court held:

A conspiracy makes it a crime for two or more persons to agree or conspire to commit an offense against the United States. This law does not require proof that the Defendant knew his conduct violated Federal law. United States v. Blair, 54 F.3d at 643 (quoting *United States v. Feola*, 420 U.S. 671, 687, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975)).

*Scarmazzo*, 554 F.Supp.2d at 1110. *See also*, *United States v. Schafer*, 2007 WL 2121734 *4 (E.D. Cal. 2007) (similarly ruling on a motion in limine that advice of

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 21**

counsel defense was inapplicable to conspiracy to distribute marijuana and manufacturing marijuana charges).

The above analysis comports with the Ninth Circuit's holding in United States v. Delgado, 357 F.3d 1061 (9th Cir. 2004). In Delgado, the defendant was convicted of conspiracy to possess meth with intent to distribute (in violation of 21 U.S.C. §§ 841 and 846); possession of meth with intent to distribute (in violation of 21 U.S.C. §§ 841 and 18 U.S.C. § 2). *Id.* On appeal, the defendant challenged the district court's jury instructions involving knowingly, which was based on the 9th Cir. Model Criminal Instruction 5.6. Instruction 5.6 states "[t]he government is not required to prove that the defendant knew his acts or omissions were unlawful." *Id.* at 1066. The Ninth Circuit held that "[a]lthough the Government had to prove that Delgado knew he possessed some prohibited substance, he did not necessarily need to know that such possession constituted a violation of the law." *Id.* at 1067.

Thus, pursuant to the authority cited above, and the charges contained in the Second Superseding Indictment, the Court determines that Defendants will not be allowed to present an advice of counsel defense. However, the Court will accept a proffer from Defendants on the issue of attorney Joel Comfort's testimony. Should his testimony be allowed, the jury will be instructed that advice of counsel is not a defense to the charges contained in the Indictment.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The Government's Motion in Limine for Admission of Co-Conspirator Statements, ECF Nos. 147, is **GRANTED** for the purposes of Fed. R. Evid. 104(a).

2.  Defendant Shanna R. French's Motions in Limine, ECF No. 217, are **GRANTED, in part** and **DENIED, in part**.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 22**

3.  The Government's Motion for Discovery as to Shane French, ECF No. 287, is **GRANTED.**

4.  Defendant Kyle French's Motion to Dismiss the Second Superseding Indictment, ECF No. 289, is **DENIED.**

5.  The Government's Motion to Exclude Advice of Counsel Defense and Witnesses, ECF No. 290, is **GRANTED** with regards to precluding an advice of counsel defense. The Court **RESERVES RULING** on the issue of the testimony of attorney Joel Comfort pending a proffer from Defendant.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 24th day of October, 2014.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 23**